## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHANDA ROBERSON, as parent and next friend of A.N. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-22-151-GLJ |
| ARDMORE PUBLIC SCHOOLS, Independent District, I-19, CYNTHIA PERKINS, CYNTHIA PERKINS, d/b/a COME C ME, LLC, and COME C ME, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the motion for sanctions of Defendant Independent School District No. 19, commonly known as Ardmore City Schools ("School District"), arising out of Plaintiff's failure to complete and execute the necessary documents to effectuate the settlement agreement previously reached between Plaintiff and School District.  For the reasons set forth below, the Defendant School District's Motion for Sanctions and Brief in Support [Docket No. 74] is GRANTED IN PART and DENIED IN PART.

### PROCEDURAL HISTORY & BACKGROUND

Plaintiff filed this case on May 18, 2022, on behalf of her minor child, A.N., arising out of injuries A.N. sustained at a school sponsored cheerleading practice and A.N.'s subsequent dismissal from the school softball team and cheerleading squad.  *See* Docket

No. 2.   Subsequently, Plaintiff amended her complaint, adding Defendants Cynthia

Perkins, Cynthia Perkins d/b/a Come C Me, LLC and Come C Me, LLC ("Perkins

Defendants") because this individual or entity owned the building in which A.N. suffered

her cheerleading injury.[1]  *See* Docket No. 19.

With a late November 2023 trial date looming, Plaintiff and School District

informed the Court on October 25, 2023, that they reached a settlement in the matter.

Thereafter, the Court entered an order dismissing the matter without prejudice due to

settlement and ordered the parties to file closing papers within thirty days.  *See* Docket No.

55.  The Court further ordered that it retained "complete jurisdiction to vacate this order

and to reopen the action upon cause shown that settlement has not been completed and

further litigation is necessary."  *Id*.  On November 27, 2023, foreshadowing future events,

School District filed its Status Report Regarding Settlement in which it requested an

additional thirty days to complete the settlement paperwork in this matter and submit

closing papers to the Court because Plaintiff's counsel had not responded to numerous

attempts at correspondence and telephone calls regarding the completion and execution of

the settlement agreement and Medicare statement.  *See* Docket No. 56.  The Court granted

the request.  *See* Docket No. 57.

---

[1] Although it appears the Perkins Defendants were served with summons, *see* Docket Nos. 24-26, none of them answered or otherwise filed any pleadings in the case.  On October 20, 2023, Plaintiff moved for default judgment, *see* Docket No. 51, but it was denied for failure to comply with the two-step process under Fed. R. Civ. P. 55.  *See* Docket No. 52.  Plaintiff took no further action with respect to the Perkins Defendants.

On December 27, 2023, School District filed its Motion to Enforce Settlement and Brief in Support, in which it sought an order requiring Plaintiff's counsel to return executed settlement documents or otherwise respond regarding the documents circulated by School District's counsel so settlement proceeds could be paid and the case closed. *See* Docket No. 58. School District's motion details the multiple attempts its counsel made to contact Plaintiff's counsel by mail, email and telephone in efforts to complete the necessary settlement documents and settlement of the case. *Id*. Plaintiff did not respond to the motion and on January 19, 2024, the Court ordered her to show cause by January 26, 2024, for her failure to respond. *See* Docket No. 59. The Court further noted that the failure to respond to the Court's show cause order could result in the motion being admitted. *Id*. Plaintiff failed to respond to the Court's January 19, 2024 show cause order, so the Court set a hearing on February 13, 2024, on School District's motion to enforce settlement. *See* Docket Nos. 60 & 61.

Minutes before the February 13, 2024 hearing began, Plaintiff filed an Application to Continue Hearing on Defendant's Motion to Enforce Settlement. *See* Document No. 62. Plaintiff asserted that she had only recently received the previously requested statement from the Oklahoma Health Care Authority ("OHCA") regarding medical expenses paid by OHCA on N.A.'s behalf and to which it is entitled to recover. *Id*. at ¶ 5. Plaintiff further stated that her counsel is in the "process of amending the settlement documents taking into consideration the statutory claim for reimbursement by OHCA and to whom a check for the settlement should state as payees." *Id*. at ¶ 6. Plaintiff offered no explanation for her counsel's failure to previously communicate these facts to School District's counsel or the

Court or for her failure to respond to either School District's motion to enforce settlement or the Court's show cause order. *Id*. Moreover, although the Court understood that Plaintiff's counsel traveled to the courthouse in person on February 13, 2024, to file the motion to continue, Plaintiff's counsel did not appear at the hearing to argue her motion or provide any further explanation for her failure to comply with the Court's orders. *See* Docket No. 63.

At the February 13, 2024 hearing, the Court denied Plaintiff's motion to continue for failure to state good cause and found that School District and Plaintiff appear to be in agreement that they have reached a settlement, and further directed Plaintiff to "complete all necessary documentation, including a properly executed Medical Release Affidavit and an Executed Settlement Agreement such that closing papers can be filed on or before Tuesday, February 27, 2024." *See* Docket Nos. 64 & 65.

On February 27, 2024, School District filed its Unopposed Motion for Extension of Time, seeking an additional fourteen days to complete settlement documents and submit closing documents. *See* Docket No. 66. In the motion, School District stated that Plaintiff's counsel had advised that he needs additional time because he was having difficulty obtaining the completed paperwork and that he must travel to Ardmore to get the paperwork completed. *Id*. at ¶¶ 6 & 7. The Court granted the motion. *See* Docket No. 67.

On March 12, 2024, because Plaintiff again failed to comply with the Court's order, School District filed the Amended Motion to Enforce Settlement and Brief in Support. *See* Docket No. 68. School District further detailed its attempts to communicate with Plaintiff's counsel by email and telephone since its February 27, 2024 unopposed motion for

extension of time was granted and the continued failure of Plaintiff or her counsel to provide the completed settlement documents. *Id*. School District again sought an order enforcing the settlement agreement by ordering Plaintiff to complete and execute all settlement documents so that it could pay the agreed settlement funds. *Id*. The Court set a show cause hearing on March 20, 2024, and ordered Plaintiff and Plaintiff's counsel to appear and answer for their failure to complete all necessary documentation, including a properly executed medical release affidavit and an executed settlement agreement, as well as their failure to timely file closing papers as previously directed by this Court in two separate orders. *See* Docket No. 69. The Court also noted that "[f]ailure to appear for this hearing or to comply with this Court's orders may result in sanctions." *Id*. Further, the Court ordered Plaintiff to file an expedited response to School District's amended motion to enforce settlement agreement by March 19, 2024. *See* Docket No. 70.

Plaintiff did not respond to School District's amended motion to enforce settlement agreement and neither Plaintiff nor her attorney appeared at the March 20, 2024 show cause hearing as ordered. *See* Docket No. 72. The Court granted School District's amended motion to enforce settlement and further ordered Plaintiff to complete all necessary settlement documentation by no later than March 27, 2024. *See* Docket No. 73. The Court also invited School District to file a motion for sanctions if Plaintiff did not comply with the Court's order. *Id*.

Plaintiff did not comply with the Court's March 20, 2024 Order. On March 29, 2024, School District filed its motion for sanctions, seeking an order dismissing the case with prejudice pursuant to Fed. R. Civ. P. 41(b), as well as an award of costs and a

reasonable attorney's fee associated with the sanctions motion and the motions to enforce

settlement agreement.   *See* Docket No. 74.   School District subsequently filed a

Supplemental Brief Supporting its Sanctions Motion, which details the attorney's fees and

expenses incurred relating to the motions to enforce settlement agreement and for

sanctions.  *See* Docket No. 75.  In keeping with their past behavior, neither Plaintiff nor

her attorney responded to School District's motion for sanctions.

## ANALYSIS

### I.      Sanctions

A court has inherent discretion and authority to "fashion an appropriate sanction for

conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-

45 (1991).  *See also Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) ("This court

has the inherent power to impose sanctions that are necessary to regulate its docket,

promote judicial efficiency, and deter frivolous filings.").  "Because of their very potency,

inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at

45.

School District moves to dismiss Plaintiff's complaint with prejudice for failure to

comply with this Court's orders pursuant to Fed. R. Civ. P. 41(b), which provides:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court
> order, a defendant may move to dismiss the action or any claim against it.
> Unless the dismissal order states otherwise, a dismissal under this
> subdivision (b) and any dismissal not under this rule--except one for lack of
> jurisdiction, improper venue, or failure to join a party under Rule 19--
> operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quoting *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)); *see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) ("We have long held that dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort."). The Tenth Circuit characterizes the dismissal with prejudice under Rule 41(b) as a "harsh[ ] remedy-the death penalty of pleading punishments." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). Moreover, "[i]t is '[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits [that] dismissal [is] an appropriate sanction." *Davis*, 571 F.3d at 1061 (alterations in original) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

The Tenth Circuit sets out a number of factors to consider before choosing dismissal with prejudice, although they do not represent a "rigid test": "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process[;] (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted). "By contrast, a district court need not follow 'any particular procedures' when dismissing an action without prejudice under Rule 41(b). Only a dismissal with prejudice triggers the *Ehrenhaus* criteria because it is 'a significantly harsher remedy-the death

penalty of pleading punishments.'" *Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1143 n.10 (quoting *Nasious*, 492 F.3d at 1160).

When considering the above five factors, the Court is persuaded by the facts of this case that dismissal with prejudice is an appropriate remedy for Plaintiff and her counsel's repeated disregard for and failure to comply with this Court's rules and orders. As to the first factor, School District has been prejudiced by Plaintiff and her counsel's conduct. Rather than complete the settlement last November, School District had to continue litigating this case for the past five months, including filing motions and appearing at multiple hearings all in an attempt to simply get Plaintiff to finalize and execute the settlement documents. Protracting this litigation has cost School District in both time and money for legal fees and this constitutes significant prejudice.

Second, Plaintiff and her counsel's blatant and repeated disregard for and failure to comply with this Court's rules and orders constitutes a significant interference with the judicial process. Plaintiff and her counsel ignored multiple deadlines set by the Court, failed to respond to pleadings, failed to respond to show cause orders, and failed to appear at hearings, including the show cause hearing to which they were specifically ordered to attend. Even in Plaintiff's one responsive filing, she filed a motion to continue a hearing only minutes before it occurred and offered no explanation or justification for her past failures, and failed to attend the hearing. Similarly, Plaintiff's counsel repeatedly ignored School District's counsel's efforts to communicate with him to complete the necessary documents to complete the settlement. As a result, Plaintiff and her counsel's conduct have significantly interfered with the judicial process in this case.

-8-

Third, while there is no clear evidence in the record as to Plaintiff's personal culpability in the conduct described above, Plaintiff is ultimately responsible for and bound by her attorney's conduct. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of h[er] counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as h[er] representative in the action, and [s]he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of h[er] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.") (internal quotation marks omitted). Moreover, Plaintiff was directly ordered to attend the March 20, 2024 show cause hearing but did not appear. Therefore, the culpability of Plaintiff weighs in favor of dismissal with prejudice.

Fourth, Plaintiff and her counsel were specifically warned that failure to appear at the March 20, 2024 show cause hearing could result in sanctions. Moreover, the Court entered multiple orders for Plaintiff and/or her counsel to show cause for their continued failure to respond to motions, complete the settlement documents and comply with the Court's orders. Plaintiff and her counsel were clearly on notice that continued failure and refusal to comply with the Court's orders would have consequences, including the potential of sanctions. *See, e.g., Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n.*, 886 F.2d 852, 861 (10th Cir. 2018) ("We have held that an express warning of dismissal is not required. Instead, we have regarded notice as sufficient even when it is constructive, rather

6:22-cv-00151-GLJ   Document 76   Filed in ED/OK on 04/19/24   Page 10 of 14

than express.") (citing *Ecclesiastes 9:10–11–12, Inc.*, 497 F.3d at 1149–50).   Thus, the Court finds the fourth factor weighs in favor of dismissal with prejudice.

Fifth, based upon Plaintiff and her counsel's repeated failures to comply with the Court's orders, it is apparent that any lesser sanction will be inadequate.  Plaintiff and her counsel had five months to do what they already agreed but failed to do – complete the settlement documents and close the case.  Plaintiff and her counsel ignored deadlines imposed by the Court's rules and orders and ignored this Court's show cause orders and hearings.  Finally, Plaintiff and her counsel even ignored School District's motion for sanctions, failing to file any response or object as to why this case should not be dismissed with prejudice.

Fifth, the Court considers the efficacy of lesser sanctions.  Realizing that dismissal with prejudice is a severe sanction, the Court nonetheless believes that no other sanction will be effective.  *See Hobratschk v. Perretta*, 2000 WL 313530, at *2 (10th Cir. March 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice).  Plaintiff and her counsel repeatedly ignored the Court's orders, including the Court's show cause orders and deadlines, and failed to attend hearings.  *See Jones v. Thompson*, 996 F.2d 261, 265–66 (10th Cir. 1993) (stating that lesser sanctions would not be effective where plaintiff repeatedly ignored court orders).

Considering all the factors, the Court finds Plaintiff and her counsel's conduct towards School District outweigh the judicial system's strong predisposition to resolve claims on the merits.  Plaintiff agreed to a settlement and then repeatedly failed to take the necessary final steps to complete that agreement and fully resolve the case.  In doing so,

Plaintiff and her counsel have cost School District time and legal fees, and required this Court to expend significant time and effort trying to get Plaintiff and her counsel to meet their previously agreed obligations.  Under these facts, a dismissal with prejudice of the Amended Complaint against School District is an appropriate and warranted sanction.

While the *Ehrenhaus* factors support a dismissal with prejudice of School District, the same cannot be said of the Perkins Defendants.  The Perkins Defendants have not entered an appearance, answered or otherwise pled.  Moreover, based on the record before the Court, it is not clear whether the Perkins Defendants were parties to or were included in the settlement agreement.  Whatever their status,[2] the Court is in no position to analyze the five *Ehrenhaus* factors with respect to them.  Because only a dismissal with prejudice triggers the *Ehrenhaus* criteria, *Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1143 n.10 (quoting *Nasious*, 492 F.3d at 1160), the Court need not consider those factors in concluding that Plaintiff's Amended Complaint should be dismissed without prejudice as to the Perkins Defendants pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute her case against them.  Plaintiff has failed to take any action against the Perkins Defendants since her failed attempt at a default judgment in October 2023.  *See Thompson v. Wash. Metro. Area Transit Auth.*, 2019 WL 5309627, at *2 (D. Md. Oct. 21, 2019) (dismissing case without prejudice as sanction where the plaintiff had apparently "abandoned prosecution of this case"); *Williams v. Mortg. Elec. Registration Sys., Inc.*,

---

[2] To the extent the Perkins Defendants were included in the settlement agreement, the Court takes no position as to the effect of such as a defense should Plaintiff attempt to renew her claims against them at some later date.

2011 WL 4973431, at *2 (D. Colo. Oct. 17, 2011) (dismissing case without prejudice pursuant to Rule 41(b) for failure to prosecute where the plaintiff failed to respond to the defendants' motion to dismiss and the court's orders).  Therefore, the Amended Complaint is dismissed without prejudice as to the Perkins Defendants for failure to prosecute.

## II.    Attorney's Fees and Costs

School District also seeks to recover its attorney's fees and costs in preparing and filing the motion for sanctions as well as the motions to enforce settlement.  *See* Docket No. 74.  As previously noted, the Court has the inherent power to impose sanctions to punish a party for bad faith conduct or that are necessary to "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–631.  One kind of "permissible sanction is an 'assessment of attorney's fees'" which is an order "instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side."  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107-08 (2017) (quoting *Chambers*, 501 U.S. at 45).  An order imposing attorney's fees in a civil case, however, "must be compensatory rather than punitive in nature."  *Id*.  Indeed, "the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior."  *Id*. (quoting *Mine Workers v. Bagwell*, 512 U.S. 821, 829 (1994)).  Under this framework, "a court's shifting of fees is limited to reimbursing the victim" and includes "only those attorney's fees incurred because of the misconduct at issue."  *Id*.

It is unquestionable that School District incurred additional and unwarranted attorney's fees and costs as a direct consequence of Plaintiff and her attorney's misconduct

in failing to consummate the settlement and to comply with the Court's rules and orders, including causing the filing of multiple pleadings and attending multiple hearings. Those additional and unwarranted fees, however, are limited to those fees and costs associated with preparing and filing the motions to enforce settlement and for sanctions, as well as attending the various hearings on such issues. Moreover, because there is no clear evidence in the record of Plaintiff's personal involvement in directing her attorney's conduct that led to these additional fees, the award of attorney's fees and costs is appropriately directed against Plaintiff's counsel, James A. Conrady, personally and not to Plaintiff.

School District submitted the details of the attorney's fees and expenses incurred as a direct result of Plaintiff and her counsel's conduct, including $5,653.50 in attorney's fees and $99.55 in costs. *See* Docket No. 75. After careful review, the Court finds the requested hourly rates, attorney's fees and costs to be reasonable except for those fees attributable to communications with opposing counsel regarding the settlement and drafting and revising the settlement documents because such fees are not attributable to Plaintiff's bad faith conduct regarding the motions for sanctions and to enforce settlement. As a result, the attorney's fees request is reduced by $701.00 as comprised as follows:

| | | | |
|---|---|---|---|
| Mr. Priddy ($210 per hour): | 12/11/23 | .3 | $63.00 |
| | 2/12/24 | .4 | $84.00 |
| | 2/14/24 | 1.7 | $357.00 |
| | 2/19/24 | .5 | $105.00 |
| | 2/27/24 | .1 | $22.00 |
| Ms. Parker ($175 per hour): | 12/14/24 | .2 | $35.00 |
| | 2/9/24 | .1 | $17.50 |
| | 2/12/24 | .1 | $17.50 |

Additionally, the requested expenses are reduced by $32.55 for charges for electronic research costs for an approved total expense of $66.50. Thus, the total approved attorney's fees and costs is the sum of $5,019.50.

## CONCLUSION

Accordingly, the Court hereby Orders that the Defendant School District's Motion for Sanctions and Brief in Support [Docket No. 74] is GRANTED IN PART and DENIED IN PART. The Amended Complaint is hereby dismissed with prejudice as to Defendant Ardmore Public Schools, Independent District, I-19, and dismissed without prejudice as to Defendants Cynthia Perkins, Cynthia Perkins d/b/a Come C Me, LLC, and Come C Me, LLC. It is further ordered that James A. Conrady is to personally pay to Defendant Ardmore Public Schools, Independent District, I-19, the total sum of $5,019.50 in attorney's fees and costs within twenty-one days from the entry of this Order.

**DATED** this 19th day of April, 2024.

_____

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**